UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00843-SB (SK) | Date | June 8, 2023 |
|---|---|---|---|
| Title | Kenneth J. Easley v. St Andre | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In May 2023, Petitioner constructively filed a petition under 28 U.S.C. § 2254, challenging his California state conviction for second-degree murder. (ECF 1 at 2). Petitioner claims he received an unauthorized sentence in violation of the Sixth Amendment and that his trial counsel was ineffective. (*Id.* at 5). The petition is deficient on its face for at least two reasons.

*First*, Petitioner admits that he has not exhausted any of his claims. (*Id.* at 3). The Court may not grant habeas relief unless the petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). To meet this requirement, Petitioner must "fairly present" his claims in a complete round of direct appeals or state habeas proceedings up to and including the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). So long as his federal petition contains even one unexhausted claim, it is subject to dismissal for lack of complete exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005).

*Second*, even if Petitioner returned to the California state courts now to exhaust his claims, he still faces the separate problem of the petition's apparent untimeliness. To be timely, the petition must be filed within one year from the date on which the conviction became final unless tolling applies. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final in January 2022, 90 days after the California Supreme Court denied his petition for review. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). From then, Petitioner had one year—until January 2023—to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). But because the petition here was not filed until May 2023, Petitioner would have to establish equitable tolling or some other valid legal basis to render his petition timely. *See Holland v. Fla.*, 560 U.S. 631, 645–46 (2010); *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). Otherwise, his petition is time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:23-cv-00843-SB (SK) | Date | June 8, 2023 |
|---|---|---|---|
| Title | Kenneth J. Easley v. St Andre | | |

For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **Wednesday, July 5, 2023,** why the Court should not dismiss the petition for lack of exhaustion and untimeliness.  To discharge this order, Petitioner must (1) prove that he has exhausted his claims in state court (or that he should be excused from the exhaustion requirement for a valid reason); and most importantly (2) prove that he is entitled to enough tolling of the statute of limitations to make his petition timely even though it was filed more than a year after his conviction became final.  On the other hand, if Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached Notice of Voluntary Dismissal Form CV-09.  *See* Fed. R. Civ. P. 41(a).  But if Petitioner files no notice of voluntary dismissal, an amended petition that cures the procedural defects outlined here, or some other timely response to this order, the petition may be involuntarily dismissed for failure to prosecute.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.